Curia, -per

O’Neall, J.
The note on which this action is brought, was made by Mrs. Youmans while a feme sole, in consideration of her purchases at the sale of her first husband, made by the plaintiff, as his executor.— The note is made payable to him as executor, She was named executrix, but had not then qualified. After the sale, and the making of her note, she qualified. A non-suit was ordered, on the ground that one executor cannot at law maintain an action against his co-executor. This is true as to all acts done by them as executors: no legal liability, other than by an express undertaking, can be cast upon one in favor of the other, and, therefore, nothing like an implied contract can be sustained. But I am not disposed to say that one executor may not by express contract, make himself liable, at law, to the other, for any sum of money in his hands. Be that, however, as it may, in the case before us the defendants are liable to this action. At the sale, the plaintiff was the only legal owner of his testator’s goods — he sold them, and thereby became liable for their value. The note to him was his security for the price ; it was a personal contract to him; the words “ executor of Wm. Deloach” are only descriptio persones.; if he had died, an action for the recovery of it must have been in the name of his executor or administrator. In *280 Seabrook ads. Williams, 3 McC. 371, the action was brought by the administrator of an executor, on a bond made payable to the executor, for the goods of his testator, which he had sold ; and it was held that the action, was well brought. In that case my brother Johnson’s reasoning applies so directly to this case, and is so much better than my own, that I will quote his words, instead of attempting to reason further about the question. “ The liability of the executor is not measured by the value of what he may have in possession, as the representative of that which was his testator’s ; the law, therefore, properly regards the substitute or representative as his own, and charges him with that which was the testator’s. The bond on which this action is brought never was the property of the plaintiff’s intestate ; at best it is only the representative of what might have been his, but has been disposed of by his executor, which, according to the principle, has been administered ; so that nothing would survive to an administrator de bonis non, if such a person was claiming.”
It may be, as would seem to be the case from the presiding Judge’s report, that the defendant, Mrs. Youmans, is in advance to the testator’s estate, and that, on this account, she may be entitled to be reimbursed from the assets of her testator’s estate. But it by no means follows, that therefore the present plaintiff is not entitled to recover. He may be also in advance for his testator’s estate; and, if so, it would be far from justice to say to him, you shall not recover a sum of money for which you are liable, and which you have, perhaps, paid away, because your debtor may be, like you, in advance to the estate. If, however, it should be that the plaintiff has in his hands enough to reimburse the defendants’ advances, they are not without a remedy eveu in a law court: they may cite him to account before the Ordinary, obtain his decree, and plead it in discount. If this remedy cannot avail them, they can, at any time, have relief in Equity.
The motion to set aside the nonsuit is granted.
Johnson, J. concurred.